**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Franklin Financial Corporation, ) | CIV-07-2583-PHX-MHB |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Key Mortgage Corporation, an Arizona ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion for Leave to File an Amended Answer (Doc. #19). Plaintiff filed a response in opposition on April 7, 2008 (Doc. #23), and Defendant filed a Reply (Doc. #24). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

This lawsuit arises from a Mortgage Broker Agreement entered into by Plaintiff First Franklin Financial Corporation, and Defendant Key Mortgage Corporation. Pursuant to this agreement, Defendant submitted to Plaintiff, for funding, two mortgage loan applications in the amounts of $60,000.00 and $240,000.00 on behalf of borrower Ashor Daniel ("Borrower"). In connection with the loan application packages, Borrower executed a Uniform Residential Loan Application which listed his monthly income as $6,000.00. After Plaintiff funded the loans, Borrower defaulted by failing to make monthly payments. Plaintiff asserts Borrower's monthly income as represented was false and Borrower's actual

income was half that amount. Because of the default, Plaintiff was required to repurchase the Loans at a loss from a secondary market investor.

Plaintiff filed a Complaint on December 19, 2007, alleging Breach of Contract, Breach of Warranty, Indemnification, Intentional Misrepresentation, Negligent Misrepresentation, and Innocent Misrepresentation, claiming Defendant did not comply with the stipulations in the agreement and investigate and verify the "truthfulness and completeness of all information relating to Borrower's creditworthiness and collateral submitted in connection with an application for a Loan," as well as verify if Borrower's monthly income was "true, accurate, and complete." (Doc.#1.)

Defendant filed an Answer on January 28, 2008, responding that the Loans to Borrower were No Income Verification ("NIV") loans, and that to the best of its knowledge, information, and belief, all information submitted in connection with the NIV loans were true, and that it followed all requirements that Plaintiff established for submitting NIV loans. Defendant also listed 15 affirmative defenses, and placed Plaintiff on notice that it may later assert other affirmative defenses based upon facts learned during discovery. (Doc. #11, ¶¶ 45-60.) On March 20, 2008, less than two months after having filed its Answer, Defendant filed its Motion For Leave To File An Amended Answer.

**DISCUSSION**

In its Motion, Defendant seeks leave to amend its Answer to add one additional affirmative defense, that the Broker Agreement is a contract of adhesion and unconscionable as written and applied. (Proposed Amended Answer, ¶60.) Defendant asserts that ongoing investigation of the case, based on existing facts, has revealed information that justifies adding this defense. Defendant argues the amendment will not prejudice Plaintiff, is not futile, is not unduly delayed, or made in bad faith. In response, Plaintiff contends, "the [defendant] has offered no basis for the amendment, there are no new facts that would justify the need for amendment, and the additional defense is legally insufficient based on the facts in existence."

1   Federal Rules of Civil Procedure 15(a) sets forth the standard on amending pleadings, 2 and dictates that "[t]he court should freely give leave [to amend] when justice so requires." 3 The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be 4 applied with extreme liberality."  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) 5 (citation omitted).  A court may deny a motion to amend, however, if there is a showing of 6 undue delay or bad faith on the part of the moving party, undue prejudice to the opposing 7 party, or futility of the proposed amendments.  See Foman v. Davis, 371 U.S. 178, 182 8 (1962).  The party opposing amendment bears the burden of showing prejudice, futility, or 9 one of the other recognized reasons for denying a motion to amend.  See DCD Programs, 10 LTD. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Prejudice to the opposing party is 11 accorded the most weight, and absent prejudice, "there exists a *presumption* under Rule 15(a) 12 in favor of granting leave to amend" unless a strong showing is made on one of the other 13 factors.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) 14 (emphasis in original).

15   First, Plaintiff argues Defendant's Motion is dilatory because it was filed after the 16 following events have taken place: the meet and confer conference, the filing of the joint case 17 management report, the scheduling conference, and the filing of the scheduling order. 18 Plaintiff relies on the Ninth Circuit decision in Amerisourcebergen Corp. v. Dialysist West, 19 Inc., which determined that although eight months of discovery remained, the amendment 20 should be denied because the parties would incur additional litigation costs, and because if 21 the plaintiff's amendment was granted the entire legal theory of the case would be altered. 22 465 F.3d 946, 953 (9th Cir. 2006).  Here, Defendant's stated purpose in seeking amendment 23 is to add one additional affirmative defenses to the 15 affirmative defenses set forth in 24 Defendant's Answer.  The proposed amendment was filed less than two months after the 25 original Answer was filed and before any formal discovery has commenced.  These facts are 26 readily distinguishable from the facts in Amerisourcebergen; in that case the request to

27

28

- 3 -

1  amend was made nearly a year after the original filing of the pleading, after discovery was
2  initiated, and after despositive motions had been filed.  Id. at 950, 954.

3  　　　　Plaintiff next argues that Defendant is dilatory in seeking amendment, because the
4  "facts on which the amendment is based were known at the time of filing of the original
5  answer." Plaintiff again relies on the Ninth Circuit decision in Amerisourcebergen, that leave
6  to amend should be denied when a party attempting to amend its pleading to include an
7  additional affirmative defense, but provided no grounds for the proposed amendments.  Id.
8  at 953 (9th Cir. 2006).  In Amerisourcebergen, the plaintiff did not provide any reason for
9  amendment.  Id.  Defendant maintains the facts for which its amendment is based were not
10 known at the time it filed its original Answer, but after further information was gathered.
11 Defendant claims that "(t)hrough its continuing investigation of the case, [Defendant] has
12 discovered information not in its possession at the time it filled [sic] its Answer" that would
13 support the affirmative defense, and that "[a]fter discussion with counsel for similar cases
14 against Plaintiff" Defendant discovered similar "boilerplate" agreements that might also
15 support the affirmative defense.  (Reply, at 2-3.)  Defendant has stated a reason for
16 amendment:  there appearing no reason to doubt Defendant's avowal, Defendant acted
17 without undue delay in filing its Motion for Leave to Amend.

18 　　　　Additionally, Plaintiff claims that adding additional affirmative defenses will
19 completely modify the legal theory of the case.  It is unclear how the addition of this legal
20 theory has that drastic effect.  Plaintiff has asserted numerous affirmative defenses, some of
21 which also challenge the Mortgage Broker Agreement as written and applied.  In addition,
22 Federal Rules of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to
23 amend] when justice so requires."  In this case, the Court finds that Defendant timely filed
24 its Motion and the amendment sought does not so significantly alter the theory of the case
25 so as to prejudice Plaintiff.

26 　　　　Finally, Plaintiff argues Defendant's proposed amendment is futile because it advances
27 a defense that is "legally insufficient on its face."  Plaintiff contends the claim is legally

28

- 4 -

1 insufficient on its face because Defendant has offered no basis for its claim of
2 unconscionability and the facts in existence do not support the proposed defense. The Court
3 finds this argument premature. The Court cannot examine the merits of the case to determine
4 if Defendant's amendment is futile. The Court will not decide whether Defendant's proposed
5 amendment is "legally insufficient on its face" when ruling on a motion for leave to amend.
6 The Ninth Circuit holds "if there is no set of facts which could be proved under the
7 amendment to the pleadings which would constitute a valid and sufficient claim or defense,
8 leave should be denied." <u>Baker v. Pacific Far East Lines, Inc.</u>, 451 F.Supp 84, 89 (9th Cir.
9 1978) (citing 3 Moore's Federal Practice P.15.08(4) (2d ed. 1974)). At this time, Plaintiff has
10 not established that there are no set of facts that support the affirmative defense of
11 unconscionability.

## CONCLUSION

13     The Court finds that Defendant's Motion is not dilatory and would not modify the
14 legal theory of the case. The motion to amend was filed less than two months after the
15 original Answer was filed, formal discovery has not commenced, and Defendant did not
16 acquired the information to support the affirmative defense until after it filed its original
17 Answer. Defendant's Motion should be granted because the amendment, at this juncture, has
18 not been demonstrated to be either futile or legally insufficient. .

19     **IT IS ORDERED** that Defendant's Motion for Leave to File an Amended Answer is
20 **GRANTED.**

21     **IT IS FURTHER ORDERED** that the Clerk of the Court file Defendant's Lodged
22 Proposed First Amended Answer (Doc #20).

23     DATED this 24th day of June, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 5 -